IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARNOLDO LOPEZ,
#39861-180,

      Petitioner,

vs.

      Case No. 17-cv-1164-DRH

W. TRUE,

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Arnoldo Lopez, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois ("Marion"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the Petition, he claims that he is "legally and actually innocent of the crime he pled to," and that 21 U.S.C. § 841(b)(1)(C), to which he pled guilty, is a "nonexistent crime" based on the Supreme Court's ruling in *Burrage v. United States*, 134 S.Ct. 881, 892 (2014). (Doc. 1).

The central issue in *Burrage* was whether a defendant may be sentenced under the enhanced penalty provision of Section 841(b)(1)(C) (a 20–year mandatory minimum sentence where death "results from" use of an unlawfully distributed drug), if the use of the drug "contributes to, but is not a but-for cause of, the victim's death." *Burrage*, 134 S.Ct. at 885. The Court concluded that "but-for" causation is required for the enhanced penalty. *Id.* at 892.

The Court concludes that the Petition does not survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

**Background**

On September 9, 2004, Petitioner pled guilty to distribution of heroin resulting in death under 21 U.S.C. § 841(b)(1)(C) in *United States v. Lopez*, Case No. 04-cr-209 in the Western District of Texas ("Criminal Case"). (Doc. 1, p. 2). On April 15, 2005, Petitioner was sentenced to a term of 420 months incarceration, along with a fee and fine, followed by 12 years supervised release. *Id.* The underlying facts of the case involved Petitioner selling heroin to an individual, who then sold or gave some of the heroin to another person, who overdosed and died after using it. *Id.* During his plea agreement proceedings, Petitioner waived his right to appeal with limited exception. *Id.* He later appealed but was unsuccessful. (Doc. 1, p. 2). Before *Burrage*, Petitioner filed his first § 2255 motion, but it was also unsuccessful. *Id.*

**Discussion**

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of

those Rules gives this Court the authority to apply the rules to other habeas cases.

This Court need not consider the merits of this case because Petitioner explicitly waived his right to bring this challenge in his plea agreement in the Criminal Case. Criminal Case, Doc. 73-2. According to the plea agreement, Petitioner agreed to waive "the right to appeal his sentence on any ground, other than for ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension" and agreed "not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." *Id.*

Where a guilty plea is entered knowingly and voluntarily, appeal waivers are enforceable. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (citing *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000)). "The appeal waiver stands or falls with the plea agreement." *Id.* Further, a waiver of the right to challenge a conviction or sentence under § 2255 also bars a petition under § 2241 because the waiver does not render the remedy under § 2255 inadequate or ineffective. *Muse v. Daniels,* 815 F.3d 265 (7th Cir. 2016) (§ 2241 is a "form of collateral attack"). Moreover, a subsequent change in the law does not make an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner vaguely asserts that he pled guilty "out of fear" after he was told that he would receive life in prison if he was ultimately convicted after

failing to take responsibility for the decedent's death.[1] (Doc. 1, p. 7). He does not claim that his plea or appeal and collateral attack waivers were involuntary or invalid in the Petition, however. In any event, a § 2241 petition is not the appropriate vehicle for raising this argument, and in response to his § 2255 motion, when he challenged the waiver of his appeal rights, the Court determined that the "waiver-of-appeal provision was clearly informed and voluntary and thus is enforceable in this case." Criminal Case, Doc. 75, p. 6.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is summarily **DISMISSED** with prejudice for the reasons stated above. Respondent **TRUE** is also **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. §

---

[1] Notably, this warning was not inaccurate, as the mandatory statutory term would have been life imprisonment in such a situation, since Petitioner "committed the violation after one or more prior convictions for a felony drug offense" and "possessed a firearm." Criminal Case, Doc. 75.

1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2017.12.04
08:31:23 -06'00'

**UNITED STATES DISTRICT JUDGE**